**In re Walter Henry COLES, Sr., Debtor.**

**In re Hazel M. HUNTER, Debtor.**

**Bankruptcy Nos. 81–01782G, 81–01825G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 31, 1981.

S. Simpson Gray, Philadelphia, Pa., for debtors, Walter Henry Coles, Sr., Hazel M. Hunter.

James J. O'Connell, Philadelphia, Pa., trustee in both of the above matters.

## MEMORANDUM OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we should permit the consolidation of the above two cases. We conclude that these cases may be more properly handled through joint administration rather than through consolidation.

The facts, as set forth in the affidavit of the debtors in support of their motion to consolidate, are as follows: The two debtors, although not married, have lived together for the past three years. Consequently, they have incurred joint debts and have obtained joint assets. Because the debtors are not spouses, they are precluded from filing a joint petition under § 302 of the Bankruptcy Code ("the Code"). As a result the debtors filed separate petitions under chapter 13 of the Code and together filed a motion to consolidate their cases.

Section 302 of the Code and Rule 117 of the Rules of Bankruptcy Procedure which deal with joint petitions of a husband and wife make it clear that the effect of such a joint petition is the joint administration of the case, not the consolidation of the cases.[1] The joint administration of an es-

---

1. *See* § 302(b) which states that the court must determine the extent, *if any*, to which a joint petition . of spouses will consolidate their respective estates. For a discussion of what fac-

tate involves merely handling the two cases together for administrative purposes: i. e., appointing one trustee, keeping one docket, etc., while the consolidation of cases treats the consolidated estates as one and may affect the substantive rights of creditors. *See* 2 Collier on Bankruptcy ¶ 302.05 at 302–8 and 9 (15th ed. 1981). In order to justify such substantive consolidation, certain circumstances must be met.

The power to consolidate should be used sparingly because of the possibility of unfair treatment of creditors of a corporate debtor who have dealt solely with that debtor without knowledge of its interrelationship with others. Yet in the rare case such as this, where the interrelationships of the group are hopelessly obscured and the time and expense necessary even to attempt to unscramble them so substantial as to threaten the realization of any net assets for all the creditors, equity is not helpless to reach a rough approximation of justice to some rather than deny any to all.

*Chemical Bank New York Trust Co. v. Kheel*, 369 F.2d 845, 847 (2d Cir. 1966). *See also, Sampsell v. Imperial Paper & Color Corp.*, 313 U.S. 215, 61 S.Ct. 904, 85 L.Ed. 1293 (1941); *In re Flora Mir Chocolates*, 432 F.2d 1060 (2d Cir. 1970).

■ We conclude that the instant case involves no such a "hopelessly obscured" interrelationship of the debtors' debts and assets that they cannot be unscrambled. It should not be such a difficult task in the instant cases to determine the relative liabilities of the debtors and the relative interests of each debtor in the property which they bought. In fact, it should be easier than trying to determine what interest a spouse has in entireties property. Since in the usual case of husband and wife their cases are only jointly administered and not consolidated, we conclude that in the case at bench the estates of the above two debtors should be jointly administered rather than consolidated.

tors the court should look to in deciding whether to consolidate the estates of spouses, *see* 2

Collier on Bankruptcy ¶ 302.05 at 302–9 & 10 (15th ed. 1981).