**In re Ricky Lee PENNETTA, Andrea Darleen Pennetta, Debtors.**

**Bankruptcy No. 80 B 04339 Mc.**

United States Bankruptcy Court,
D. Colorado.

April 19, 1982.

Jimmye S. Warren, Asst. U. S. Atty., Denver, Colo., for U. S.

Andrea S. Berger, Denver, Colo., for debtors.

JOHN F. McGRATH, Bankruptcy Judge.

The question presented to the Court for determination is whether or not Claim No. 5, as amended, filed by the Internal Revenue Service (IRS), should be disallowed because the creditor/IRS did not file a timely claim. This matter came to the Bankruptcy Court on the Trustee's Motion to Disallow a Claim against the estate of the Debtors. The Trustee's Motion was filed after receiving the Debtors' Response to Trustee's Report of Claims which alleged that Claim No. 5, as amended, was in violation of Rule 13 302(e) of the Bankruptcy Rules. Upon notice to all involved parties the creditor, represented by the United States Attorney's Office, requested a hearing on the

Trustee's Motion. A hearing was held on February 8, 1982, at which Jimmye S. Warren, Assistant U. S. Attorney, appeared for the United States of America, and Andrea S. Berger appeared for the Debtors. Upon request of the Court, both Ms. Berger and Ms. Warren submitted a memorandum of law to the Court.

The facts are as follows: The Debtors timely filed their 1978 tax return, which was due on or before April 15, 1979. The Debtors filed their Petition in Bankruptcy on October 3, 1980, and the first meeting of creditors was held on December 2, 1980. Therefore, June 2, 1981, was the last day for filing an unsecured claim, unless an extension of time was granted by the Court. R. 13–302(e)(2)(A), FRBP. An extension of time was neither applied for nor granted. The Government filed an IRS Proof of Claim on June 30, 1981, for $643.00 with the date the tax was assessed marked "to be assessed." An Amendment to the Proof of Claim was filed on October 9, 1981, reducing the claim to $566.79 and marking the date the tax was assessed as April 23, 1979. The Government, in its memorandum, lists the date of September 14, 1981, as the date the tax was assessed. The Court is unable to ascertain from whence this date was derived and does not consider it apposite to the Court's determination, but because the Government uses it in its argument, the Court will also use the date, but only for the purpose of setting forth the Government's argument.

The Government's argument is that, pursuant to 11 U.S.C. § 1305(a)(1), a proof of claim may be filed for taxes that become payable while the case is pending. Since the tax claimed here was not assessed until September 14, 1981, it could not have become payable until after assessment. The Government further argues that, pursuant to 11 U.S.C. § 1305(b), their claim should be granted priority status.

The Debtors, on the other hand, argue that Rule 13–302(a) obliges every creditor to file a proof of claim in accordance with the time periods fixed by the Rule in order for their claim to be allowed. The Debtors

add that there is no indication that a tax claim should be treated any differently than any other unsecured claim in a Chapter 13. The Debtors next argue that 11 U.S.C. § 501 applies to this pre-petition claim of the IRS and that these fixed times are necessary in a Chapter 13 case. Finally, the Debtors question the September 14, 1981, date as the date when taxes were assessed. The Debtors claim that the April 23, 1979, date is the true date of tax assessment and thus the claim is for assessed prepetition taxes and must be denied priority status and treated as a general unsecured claim under Rule 13–302.

The Court first addresses the principal argument of the Government. The Government places its reliance on 11 U.S.C. § 1305(a)(1) and argues that the taxes in the instant case did not become payable until after the September 14, 1981, assessment. The pertinent portions of 11 U.S.C. § 1305 read as follows:

§ 1305. Filing and allowance of postpetition claims

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

   (1) *for taxes that become payable to a governmental unit while the case is pending*; or

   (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

(b) Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title, the same as if such claim had arisen before the date of the filing of the petition.

. . . .

(Emphasis supplied.)

Again, the Court reiterates that it cannot understand from where the September 14,

1981, date was obtained. The intended significance of the date must be, however, that since this date was after the filing of the Petition on October 3, 1980, this tax claim is a postpetition claim.

The major shortcoming in the Government's analysis is the fact that the Proof of Claim, No. 5, filed by the IRS gives the date of assessment as April 23, 1979. The problem, of course, depending on the significance attached to the "date of assessment," is that it would appear that this date makes the claim a prepetition, rather than a postpetition claim, and section 1305, which concerns only postpetition claims, is, thus, of no help to the Government.

The significance of the phrase "date of assessment" is a sub-issue which must be addressed before the Court can proceed to the main question. The relationship between "date of assessment," used on the Proof of Claim, and "become payable," used in section 1305, must be determined before it can be ruled, with certainty, that the Government's reliance on section 1305 is misplaced.

"Date of assessment," according to the Senate Financing Committee's views expressed in Senate Report No. 999 at the time of the 1966 amendment to 11 U.S.C. § 17(a)(1), the predecessor of 11 U.S.C. § 523(a)(1), is a well established tax law concept. It is both the earliest time at which the amount of the tax is definitely ascertained, and the earliest time when the IRS may begin collection procedures. "Assessment of tax," according to *United States v. Dixieline Financial, Inc.*, 594 F.2d 1311, 1312 (9th Cir. 1979), "consists of no more than the ascertainment of the amount due and the formal entry of that amount on the books of the secretary."

"Become payable," it appears, has never been interpreted by a Court of record, so reliance is placed upon the tax phrase "legally due and owing," section 17(a)(1) of the Bankruptcy Act, which along with "assessment of tax," should help the Court to properly determine the relevant date for the purposes of this discussion. Senate Report No. 999, *supra*, indicates that the Sen-

ate Financing Committee felt that the phrases "legally due and owing" and "date of assessment" had the same meaning and that "date of assessment" should be substituted for "legally due and owing." "Legally due and owing" was interpreted by the Ninth Circuit Court of Appeals in *Pan American Van Lines v. United States*, 607 F.2d 1299, 1301 (9th Cir. 1979). The Court of Appeals, relying on I.R.C. § 6151(a), determined that "the tax is due on the date the return is originally due." *Accord*: Collier on Bankruptcy, 14th Ed., 1A:17.14, at 1614; *Matter of DiVicenzo*, 20 C.B.C. 393 (Bkrtcy., S.D.N.Y.1979); and *In re Bryant*, 21 C.B.C. 237 (Bkrtcy., S.D.Ala.1979).

Although the meaning that should be attached to the Government's choice of April 23, 1979 is far from mandated by the various interpretations of these randomly used phrases, a common sense application to the facts of the instant case seems possible. "Earliest time at which the amount of the tax is definitely ascertained," "earliest time when the IRS may begin collection procedures," "ascertainment of amount due," "formal entry of amount due on the books of the secretary," and "due on the date the return is originally due" are all expressions which seem to point to the same conclusion. The 1978 taxes of the Debtor in the instant case became an obligation to the United States on April 15, 1979. Why the Government placed its reliance on the April 23, 1979, date is unclear, but it seems that the IRS should be held to its choice of a date of assessment, and should not be allowed to randomly offer the postpetition date of September 14, 1981. The obligation to the United States accrued on April 15, 1979, therefore, there is no way that the Court can consider this a postpetition claim. 11 U.S.C. § 1305, which speaks to the filing and allowance of postpetition claims, cannot be relied upon by the Government.

A different, and even more perplexing, question would have existed had the Court been forced to determine whether or not the Government might file a late proof of claim when the tax is assessed during the pendency of the case, as the issue was

couched in the Government's brief. However, because of its determination that the date of assessment makes this claim prepetition rather than postpetition, the Court need not reach this question.

■ The Debtors contend that 11 U.S.C. § 501 is the proper Code section for application to the Government's prepetition claim. Section 501 states in relevant part:

§ 501. Filing of proofs of claims or interests

(a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

. . . .

The Court is persuaded that this is the applicable section.

The substantive provisions of Chapter 13 do not speak to the filing and allowance of prepetition claims; we must look to the applicable chapter rules for the procedural instructions relating to section 501(a). Rule 13–302 is the pertinent rule. It states in pertinent part:

Rule 13–302.

FILING PROOF OF CLAIM

(a) Manner of Filing. In order for his claim to be allowed, *every creditor, including the Un[i]ted States*, any state or subdivision thereof, *must file a proof of claim* in accordance with this rule, except as provided in Rule 13–303, 13–304 and 13–305.

. . . .

(e) Time for Filing.

(1) Secured Claims. A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor.

(2) Unsecured Claims. *Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case except as follows:*

(A) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for the filing of a claim by the United States, a state, or a subdivision thereof.

. . . .

(Emphasis supplied.)

Rule 13–302(a) makes it clear that in order for a claim to be allowed, every creditor, including the United States, must file a proof of claim in accordance with the Rule. Rule 13–302(e) sets forth the time for the filing of said proofs of claim. Regarding this scheme, the comments by the House Judiciary Committee to section 501, H.R. Rep.No.595, 95th Cong., 1st Sess. 351 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6307, reads:

The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. The Rules governing time limits for filing proofs of claims will continue to apply under section 405(d) of the bill. These provide a six-month bar date for the filing of tax claims. In light of the difficult administrative burden on taxing authorities, especially the Internal Revenue Service, in dealing with a bankrupt taxpayer and being required to prepare and file a tax claim, it is anticipated that any amendment to Rules of Bankruptcy Procedure will not deprive taxing authorities of this amount of time to file proofs of claims.

Collier on Bankruptcy, 15th Ed., 3:501.02, at 501–42.2. Commenting on the House comments, Collier states:

798

This comment does make clear that the existing rules governing time limits for filing proofs of claim "will continue to apply." Accordingly, insofar as existing Rule 13–302(e)(2) fixes a time within which claims are to be filed in Chapter XIII cases under the 1898 Act, and since there is nothing in new chapter 13 comparable to the provisions of chapter 11 dealing with claims "deemed to be filed", it follows that until the rules are changed, a six-month period in chapter 13 cases will remain the rule for unsecured claims, and the date of the meetings of creditors under section 341 of the Code will remain the limit for the filing of secured claims.

15 Ed., 3:501.02, at 501–42.2.

The House Judiciary Committee comment, *supra*, clearly shows, as does Rule 13–302(e)(2), that the United States, just as any other creditor, must file within six months of the first meeting of creditors unless, under Rule 13–302(e)(2)(A), the Government requests, and receives, an extension from the Court.

The Court is also in full agreement with the Debtor that there is no indication that the Government should be treated differently than any other creditor. In fact, it is very clear from the House Judiciary Comment, *supra*, that the IRS is specifically given six months to file its tax claims. The tenor of the comment appears to the Court, in fact, to indicate that although the burden on the IRS is severe, the six month time period is a reasonable time in which to require filing and should be preserved, as is, if the Rules of Bankruptcy Procedure are amended.

The Court believes, as the Debtor has argued, that the reason for the six month statute of limitation is that in order for a case in Bankruptcy to be effectively administered, there must be a specific time, after which the Court, the Debtor, the Trustee, the creditor, and anyone else involved, will know that the last claim has been filed. *Accord,* Collier, 15th Ed., 3:501.02, at 501–16. Without a date certain, the administration of a case would be unwieldy, at best, and chaos, at worst.

 Finally, the Court must disagree with the argument of the Government that pursuant to 11 U.S.C. § 1305(b), *supra*, the IRS claim should be granted priority status. The Court again relies on its analysis in an earlier part of this opinion where it states that the Government's reliance is misplaced because of the fact that the statute refers to postpetition claims and the claim in the instant case is a prepetition claim.

WHEREFORE, IT IS ORDERED, that the Trustee's Motion to Disallow a Claim against the Debtors, Claim No. 5, filed by the Internal Revenue Service is granted, and it is

FURTHER ORDERED that Claim No. 5 filed by the Internal Revenue Service be and the same is hereby disallowed.