**In The Matter of Gilbert E. STUART, Diane M. Stuart, Debtors.**

**Bankruptcy No. 2–82–00114.**

United States Bankruptcy Court, D. Connecticut.

April 18, 1983.

Martin W. Hoffman, Hartford, Conn., for debtors.

Patrick W. Boatman, Alcorn, Bakewell & Smith, Hartford, Conn., for applicant, Connecticut Student Loan Foundation.

MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

The issue to be resolved in this matter arises from an application filed by the Connecticut Student Loan Foundation (CSLF) entitled "Application For Leave To File An Amended Proof Of Claim." While no evidentiary hearing was held, the following background is not in dispute.

Gilbert E. and Diane M. Stuart, admittedly solvent debtors, on February 9, 1982, commenced a joint chapter 13 case by filing a single petition, and the court set September 8, 1982, as the last day for creditors to

file claims.[1] The debtors' modified joint plan, confirmed on April 2, 1982, provides for full payment plus interest at 8% for all allowed unsecured claims over a period of 54 months. The debtors listed CSLF as a creditor in a single schedule of debts. The debt schedule did not indicate whether the CSLF debt was owed by Gilbert or Diane or both.

On April 7, 1982, CSLF filed a proof of claim entitled "In re Debtor Diane M. Stuart" in the amount of $5,012.04 with supporting documents evidencing a debt from Diane. On January 21, 1983, CSLF filed the present application which seeks, by way of amendment of the claim against Diane, to add the sum of $786.94 as due from Gilbert. The debtors object to the application on the ground that the bar date set by the court has passed for the filing of claims, and there is no claim in Gilbert's separate estate to be amended. CSLF concedes that its failure to file a claim against Gilbert was the result of inadvertence and oversight on its part. It contends, however, that leave to amend proofs of claim is liberally granted and that its additional claim against Gilbert relates back to the claim filed on April 7, 1982 against Diane in this alleged single estate.

## II.

■ CSLF's argument ignores the fact that the debtors' case is a joint one only in the sense that 11 U.S.C. § 302 allows a joint case to be commenced with a single petition

where the petitioners are husband and wife.[2] Section 302 was designed for ease of administration and to permit the payment of only one filing fee. *See In re Hulk,* 8 B.R. 444, 7 B.C.D. 339 (Bkrtcy.D.Conn. 1981); *In re Coles,* 14 B.R. 5 (Bkrtcy.E.D. Pa.1981). Legislative history indicates that its use is posited on the assumption that in most consumer cases, married debtors are jointly liable on their debts and jointly hold most of their property. H.Rep. No. 595, 95th Cong., 1st Sess. 321 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 32 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. But separate estates will exist for each debtor unless and until the court orders substantive consolidation of the estates. A local standing order requires that each debtor in a joint petition in liquidation cases separately set forth assets, liabilities and claimed exemptions.[3] It follows that claims against each debtor's estate must be separately filed within the bar date set by the court. As no claim was timely filed by CSLF against Gilbert, no claim in his estate exists to which an amendment may be made. If CSLF's claim for $786.94 cannot be treated as an amendment to a prior claim, it is untimely and consequently barred. *In re DiDomizio,* No. 2–80–01027 (Bankr.Ct., D.Conn.1982); *In re Pennetta,* 19 B.R. 794, 8 B.C.D. 1286 (Bkrtcy.D.Colo. 1982).

## III.

CSLF argues that if the claim is not paid, it will receive less on its claim than it would

1. The date of September 8, 1982 conformed to the six-month bar date set by Fed.R.Bankr.P. 13–302(e)(2).

2. *11 U.S.C. § 302. Joint Cases.*

(a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

(b) After the commencement of a joint case, the court shall determine the extend, if any, to which the debtors' estates shall be consolidated.

3. Standing Order # 8 reads as follows:

It having come to the Court's attention that when petitions are filed pursuant to 11 U.S.C. § 302 for the commencement of a joint case such petitions are not properly delineating in separate schedules assets, liabilities and claimed exemptions of the two separate estates of the joint case, it is hereby

ORDERED that whenever debtors file a joint petition under 11 U.S.C. § 302 for a joint case under Chapter 7, a separate Form No. 6 as set forth in the Interim Bankruptcy Rules (Statement of All Liabilities of Debtor and Statement of All Property of Debtor with Summary of Debts and Property), and a separate Form No. 7 (Statement of Financial Affairs for Debtor Not Engaged in Business) or No. 8 (Statement of Financial Affairs for Debtor Engaged in Business) shall be filed for each of the debtors.

have under a chapter 7 liquidation because Gilbert's estate is solvent, and CSLF would participate in a chapter 7 case as a tardily-filed claimant pursuant to 11 U.S.C. § 726(a)(3).[4] Before a chapter 13 plan may be confirmed, the court must make a determination that each allowed unsecured claim will receive no less than it would have if the estate were liquidated. 11 U.S.C. § 1325(a)(4). Such a finding, however, governs only the confirmation of the plan. Whether a claimant actually gets paid is dependent upon the filing of a proof of claim. CSLF has failed to file a claim timely against Gilbert's estate. Whereas § 726(a)(3) would allow payment of CSLF's claim if the debtors had filed a chapter 7 case, that section does not apply to a chapter 13 case. 11 U.S.C. § 103(b).

### IV.

CSLF's application for leave to file an amended claim must be, and hereby is, denied.

---

**4.** Section 726(a)(3) provides that tardily-filed claims may be paid from an estate after timely-filed claims have been paid in full.