**In re Victor K. MALONE and Shiela M. McEntire, Debtors.**

**Bankruptcy No. 84–02085–BE.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Feb. 27, 1985.

David Wm. Ruskin, Southfield, Mich., Standing Chapter 13 Trustee.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the motion of David Ruskin, standing Chapter 13 trustee, challenging the filing of a joint petition by Victor Malone and Shiela McEntire. The issue before the court is whether two debtors who cohabitate but have never been legally married are entitled to file a joint petition under 11 U.S.C. § 302(a) (West 1979). Upon consideration of the stipulated facts, this court concludes that Victor K. Malone and Shiela M. McEntire are not entitled to file a joint petition under 11 U.S.C. § 302(a) (West 1979).

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The facts in this matter are not in dispute. On June 1, 1984, Victor K. Malone and Shiela M. McEntire filed a joint debtors' petition under Chapter 13 of the Bankruptcy Code. The debtors share living expenses, own property together, raise their natural children, and live in a state of cohabitation that mirrors a legal marriage. However, the debtors admit that they have never been legally married.

The debtors assert that 11 U.S.C. § 302(a) (West 1979) allows the filing of a joint petition by married couples due to the likelihood that married debtors are jointly liable for their debts and jointly hold most of their property. The debtors argue that, since their living situation is so closely analogous to that of legally married debtors, they should be entitled to file a joint petition. The trustee responds that the language of the Bankruptcy Code clearly limits the filing of a joint petition to an individual and "such individual's spouse." 11 U.S.C. § 302(a) (West 1979). Although the trustee does not oppose joint administration of these debtors' estates, he asserts that they may not properly choose such joint administration by the filing of a joint petition under § 302(a).

The Bankruptcy Code allows the filing of a joint case by "... an individual that may be a debtor under such chapter and such individual's *spouse.*" 11 U.S.C. § 302(a) (West 1979) (emphasis added). While the legislative history of this section notes that the reason for a joint case is to "... facilitate consolidation of their estates, to the benefit of both the debtors and their creditors ...," it identifies the congressional intent to limit a joint case to a "... voluntary bankruptcy case concerning a wife and husband." S.Rep. No. 989, 95th Cong., 2d Sess. 32 (1978), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5818.

In the case of *In re Coles,* 14 B.R. 5 (Bankr.E.D.Pa.1981), the court was asked to consolidate two Chapter 13 cases filed by unmarried cohabitating debtors. The court refused to consolidate the cases but allowed them to be jointly administered since the unmarried debtors were precluded from filing a joint petition under § 302 of the Bankruptcy Code. *See also In re Stuart,* 31 B.R. 18, 19 (Bankr.D.Conn. 1983).

This court, as did the court in the *Coles* case, recognizes the similarity between the debtors' situation and the situation of legally married debtors. The court cannot, however, allow the filing of a joint petition when the statutory requirements have not been met. Accordingly, the debtors are hereby ORDERED to amend the Chapter 13 petition in this case within ten (10) days of the entry of this order. In the event the two debtors file separate Chapter 13 petitions, this court will entertain a motion for joint administration of their estates.

IT IS, THEREFORE, SO ORDERED.