**In re Donald J. SCHOLZ and Gerhild Scholz, Bankrupts.**

**Bankruptcy Nos. B76–1450, B76–1451.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 27, 1986.

Robert B. Gosline, Toledo, Ohio, for bankrupts.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, Jason P. Green, U.S. Dept. of Justice, Washington, D.C., for the I.R.S.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion of the Bankrupts For Leave To File Amended Tax Claim and the Joint Motion To Consolidate the United States' Proof of Claim filed by the Bankrupts and by the Internal Revenue Service (hereinafter IRS). The Court has conducted a Hearing on these Motions and has heard the arguments of counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that both Motions should be DENIED.

### FACTS

The facts in this case do not appear to be in serious dispute. The Bankrupts in these two cases are husband and wife. They each filed an individual voluntary Chapter 7 Petition with this Court on December 3, 1976. In those Petitions they listed identical debts owing to the IRS which arose out of their tax liability for several years which preceded the filing of the Petitions. The similarity in the obligations results from the fact that the Bankrupts filed joint returns for the years in question. The remaining lists of creditors, however, are not the same in both cases.

In the Orders which were issued upon the filing of the Petitions, June 20, 1977, was established as the last day for the filing of claims in both cases. It does not appear that this date was ever extended. On June 6, 1977, the IRS filed a proof of claim in the Husband-bankrupt's case. On August 24, 1977, the IRS amended that proof of claim. No proof of claim was ever filed in the Wife-bankrupt's case. However, on June 21, 1977, the Internal Revenue Service sent a letter to the Bankrupts in care of the Trustee who had been appointed to administer both cases. In that letter, the IRS indicated that there existed tax liability over and above that which was paid by the Bankrupts for the years in question. The letter went on to outline the procedure available to the Bankrupts for contesting the determinations of deficiency. It should be noted that the letter is addressed to both the Husband and the Wife, but does not bear the number of any case filed with this Court.

On August 31, 1979, the Bankrupts filed a Complaint To Determine the Dischargeability of their tax obligations for the years in question. On November 20, 1979, the Court issued an Order consolidating, solely for the purpose of determining the dischargeability of the tax obligations, the Husband's and the Wife's cases. After protracted litigation and a subsequent appeal therefrom, the parties have apparently resolved their differences as to the issues addressed in that Complaint. However, in anticipation of a closing of the case by the Trustee, the Bankrupts have moved this Court for an Order which would allow the filing of the IRS's Proof of Claim in the

Husband's case to constitute the filing of a Proof of Claim in both cases. In the alternative, they have moved this Court for leave to file an Amended Proof of Claim on behalf of the I.R.S. in the Wife's case. These Motions appear to be motivated by the fact that there will be a distribution to creditors in both cases, although the extent of that distribution is unclear as of this time. The scheme of distribution in these cases will be directly effected by the disposition of these Motions. If the IRS claim is allowed to be consolidated, or if the Bankrupts are allowed to file a claim on behalf of the IRS in the Wife's case, then the IRS will receive its distribution as a priority creditor in both cases, thereby reducing the Bankrupts' nondischargeable tax liability which will remain in the event the claims are not paid in their entirety. On the other hand, if the Bankrupts are denied the opportunity to consolidate or to file a claim, then the IRS will receive its distribution in the Wife's case subsequent to the payment of most all other creditors. In that event, it does not appear that there will be sufficient funds in the Wife's case to make any distribution to the IRS. As a result, the Bankrupts' nondischargeable tax obligation will be larger than it would have been had the IRS's claim been given a priority status.

In support of their Motions the Bankrupts argue that because of the fact that the Trustee was aware of the deficiencies which had been assessed, the filing of a proof of claim is unnecessary. They also argue that the letter sent by the IRS to the Trustee which set forth the deficiencies was sufficient to put the Trustee on notice of the claim and to constitute the filing of a claim in both cases. They further argue that because the cases have been treated throughout the course of their administration as one case, equity would require that they be similarly treated for the purposes addressed in these Motions.

### LAW

### I

■ The provisions of Bankruptcy Rule 301(a) state in pertinent part:

(a) ... A proof of claim shall consist of a statement in writing setting forth a creditor's claim and ... shall be executed by the creditor or by his authorized agent.

Under this rule, any statement in writing which is executed by a creditor and which sets forth the creditors claim may constitute a proof of claim. However, the claim must be sufficiently detailed and substantial so as to allow it to be considered as *prima facie* evidence of its validity, irrespective of whether the bankrupt included the debt in the schedules. *See,* 3 *Collier on Bankruptcy* 14th ed. ¶ 57.03. In that regard, it is generally held that in order to suffice as a proof of claim, an informal proof of claim must: 1) be in writing, 2) contain a demand on the debtor's estate, 3) express an intent to hold the debtor liable for the debt, 4) be filed with the Court, and 5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim. *See generally, In re McCoy Management Services, Inc.,* 44 B.R. 215 (Bkcy.W.D.Ky.1984).

■ The provisions of Bankruptcy Rule 906(b) state in pertinent part:

(b) ... When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ...

Under this rule, the Court may, at its discretion, permit a party to perform an act subsequent to the specified term in which it must otherwise be done if the party can show that the failure to do the act within the time was the result of excuseable neglect. Although the determination as to whether or not excuseable neglect is present must be made on a case-by-case basis, it is generally held that if the delay resulted from factors which were within the control of the delinquent party, then

the failure is not the result of excuseable neglect. *Beneficial Finance Co. of Hartford v. Manning (Matter of Manning)*, 4 B.C.D. 304 (Bkcy.D.Conn.1978), *In re Grethen*, 14 B.R. 221 (Bkcy.N.D.Iowa 1981).

## II

With regard to the Motion to consolidate claims, a review of the record reflects that the Bankrupts do not share the same assets, nor do they have identical obligations. Accordingly, the creditors of each Bankrupt have the right to look to the assets of each individual estate for satisfaction of the obligations. In doing so, they also have the right to rely on the distribution scheme as it will operate in each case. The fact that the cases were consolidated for purposes of the dischargeability determination does not mean they were consolidated for purposes of administration. While it is true that the cases have generally, during the course of their administration, been referred to as one case, this informal reference does not negate the fact that two distinct cases exist. Therefore, it must be concluded that for purposes of these Motions, the Court must regard the cases in question as individual petitions which require separate administration.

The Act provides that a distribution will first be made to those creditors who timely filed a proof of claim. *See*, 11 U.S.C. Sections 57(d), 65, Bankruptcy Rule 301(b). If assets remain after all timely filed claims have been paid, then those creditors who filed a late claim will receive an opportunity for a distribution from the estate. As previously indicated, if the claim in the Husband's case is deemed to be a filed claim in the Wife's case, then the IRS will receive its distribution in the Wife's case as a priority creditor. If such a distribution is made, it does not appear as though any creditor of lower priority will receive a dividend. On the other hand, if the claim is not consolidated, the claim of the IRS will be subordinated to the Wife's other general creditors and will probably not receive a dividend.

In view of this effect, it cannot be said that consolidation of this claim will not materially prejudice the rights of other creditors in the case. Although the extent of any distribution is uncertain, it is apparent that the general creditors will receive a percentage of the obligations owed to them. To deny them that distribution and to allow the IRS and the Bankrupts to benefit, despite their own failure to act, does not appear to be an equitable proposition which this Court can support. The filing of a proof of claim in a second, albeit related, case is a simple act which should not have been overlooked. Now that the case is to be closed, the correction of such a long-standing failure should not work to the detriment of those creditors who timely fulfilled their obligation. Accordingly, it must be concluded that neither the cases nor the claims can be consolidated for purposes of effectuating the IRS's Proof of Claim in the Wife's case.

## III

With regard to the Motion of the Bankrupts for leave to file an amended tax claim, it is apparent that this leave is sought more than eight years after the time for the filing of claims expired. As has been previously indicated, both the Bankrupts and the IRS had the opportunity to timely file a Proof of Claim for the obligations in question. Yet, for whatever reason, no such proof was received by this Court in the Wife's case. In light of the fact that the filing of a proof of claim was an act that was within the prerogative of these parties to file, and that there has been no showing of any reason why it was not filed, it cannot be concluded that the failure to file was the result of excusable neglect.

The Bankrupts have argued that they should be allowed to file an amended proof of claim as the result of the well recognized rule that such an amendment is allowable if there appears in the record some documentation of the existence, nature, and amount of the claim. *See, Sun Basin Lumber Co. v. United States*, 432 F.2d 48

(9th Cir.1970). Specifically, they assert that the assessment of the taxes, the Proof of Claim in the Husband's case, and the letter to the Trustee are sufficient documentation of the claim so as to allow them to file an amendment of the claim in the Wife's case. However, it appears the rule set forth in *Sun Basis* requires that whatever document is to be used as the informal proof of claim be filed of record in the case. In the present case, there is nothing within the records of the Court, other than the listing of the debt on the Wife's schedules, which reflects the debt to the IRS. Therefore, it is doubtful that the rule is available to have the letter considered as the basis upon which to file an amended claim.

The Bankrupts have made reference to the fact that the receipt by the Trustee of the letter should be sufficient notice of the claim for purposes of allowing the claim. Although it has been held that receipt by the trustee of a letter from a creditor constitutes sufficient filing for purposes of a subsequent amendment of the claim, *see, Matter of Gibraltor Amusements Ltd.*, 315 F.2d 210 (2nd Cir.1963), it is generally held that the trustee's knowledge of unfiled claims or receipt of letters which pertain to a claim is insufficient reflection of the claim in the record of the case to allow the filing of an amendment. *Levine v. First National Bank of Lincolnwood (Matter of Evanston Motor Co., Inc.)*, 26 B.R. 998 (N.D.Ill.1983), *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789 (E.D.Va.1985). It should be noted that in *Matter of Gibraltor Amusements Ltd.*, supra, the letter which was sent by the creditor to the Trustee appears to have been sufficient, of its own accord, to have qualified as an informal Proof of Claim. The import of this will be discussed later in this opinion. However, for purposes of assessing the record, this Court cannot hold that the letter sent by the IRS to the Trustee appears sufficiently of record in this case so as to allow the Bankrupts the means by which to file an amended claim.

Even if the Court were to find that the letter constitutes sufficient appearance of the claim in the case, it is well established that an informal proof of claim which is to be used as the basis for the filing of an amended proof of claim must, in and of itself, substantially meet the requirements for a valid proof of claim. *Gibraltor Amusements Ltd.*, supra, *In re McCoy Management Services, Inc.*, supra, *In re Alsted Automotive Warehouse, Inc.*, 16 B.R. 924 (Bkcy.E.D.N.Y.1982). Furthermore, amendments to claims are only permitted for the purpose of correcting technical deficiencies and may not be employed where to do so would be prejudicial to other parties. *In re Hertz*, 38 B.R. 215 (Bkcy.S.D.N.Y.1984).

In the present case, the amendment sought by the Bankrupts will do substantially more than correct technical deficiencies. It will, in fact, be used to augment the letter with certain required elements of an informal proof of claim. In that regard, a review of the letter finds that it does not meet the requirements for an informal claim. Specifically, it does not contain a demand on the estate for payment, it does not make reference to a case number, and it does not articulate an intent to hold the Bankrupts liable on the obligation. Although such an intent can be indirectly inferred from the language contained in the letter, there is no express representation of that intent. Furthermore, as has been previously explained, the amendment is not proposed under circumstances which, as a matter of equity, should be allowed. Allowing the amendment will, as a practical matter, foreclose the possibility that general creditors will receive any distribution from the Wife's estate. It will also reduce the Bankrupts' tax obligation at the expense of the general creditors. Such prejudice to the rights of the general creditor is not consistent with the equitable nature of these proceedings. This is made especially true in light parties' initial failure to file a claim and the manner in which they have sought to rectify that discrepancy. Therefore, in the absence of equitable grounds, it must be concluded that the letter from the IRS is not sufficient to constitute an informal Proof of Claim in

the Wife's case. Since the existence of an informal Proof of Claim is a prerequisite to the filing of an amended Proof of Claim, and since no informal proof is present, it must also be concluded that the Bankrupt's Motion For Leave To File An Amended Proof of Claim is not well taken.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Joint Motion To Consolidate the United States' Proof of Claim be, and is hereby, DENIED.

It is FURTHER ORDERED that the Motion of the Bankrupts For Leave To File Amended Tax Claim be, and is hereby, DENIED.