**In re Joseph Thomas BIRCH, Debtor.**

**In re Sue Ellen BIRCH, Debtor.**

**Bankruptcy Nos. 80–610A, 80–610B.**

United States Bankruptcy Court,
D. New Hampshire.

March 31, 1987.

J. Bradford Westgate, Nashua, N.H , for Sue Ellen Birch.

Dennis Bezanson, South Portland, Me., trustee, for Sue Ellen Birch.

Diane Puckhaber, Concord, N.H., trustee, for Joseph Birch.

Daniel Callaghan, Manchester, N.H., for James Dow.

Bertrand Zalinsky, Manchester, N.H., for Steven Rennie.

Andre Barbeau, Concord, N.H., for Dept. of Employment Sec.

## MEMORANDUM DECISION AND ORDER DENYING CONSOLIDATION

JAMES E. YACOS, Bankruptcy Judge.

These cases have been before the court at a number of hearings at a question of whether the separate bankruptcy estates of the above-captioned husband and wife debtors should be substantively consolidated. The underlying controversy arises from the fact that the husband's estate has no non-exempt assets for distribution, whereas the wife's estate has some $50,000 available for distribution. The issue is sharpened by the fact that the great majority of the claims

filed in these cases relate to a proprietorship business, operated in the husband's name alone, whereas the assets available for distribution in the wife's estate stem from a real property interest which she held before the marriage and which was clearly her separate property.

Joseph and Sue Ellen Birch filed a joint chapter 7 bankruptcy petition in this court on October 24, 1980. This petition was denominated Case No. 80–610 in this court. Such joint filing is permitted under § 302 of the Code, but it is further provided that after the commencement of the joint case "the court shall determine the extent, if any, to which the debtors' estate shall be consolidated." It is well established that a husband and wife joint petition under this section still leaves separate bankruptcy *estates* for administration absent a consolidation order. *Matter of Stuart,* 10 B.C.D. 540 (Bankr., D.Conn.1983).

The case proceeded in a joint fashion, without any question, until the successor chapter 7 trustee, Dennis G. Bezanson, filed an "Application To Determine Extent of Consolidation And Necessity For Separate Trustees" with this court on October 2, 1984. After hearing on that application, the court on November 20, 1984 entered an order determining that consolidation would not then be ordered under § 302. The same order directed that the cases be split administratively into case No. 80–610A and case No. 80–610B, with Mr. Bezanson continued and appointed as chapter 7 trustee for the estate of Sue Ellen Birch, and with Diane Puckhaber appointed as the chapter 7 trustee for the estate of Joseph T. Birch.

The clerk was also directed in the 1984 order to give new 60–day notices of a claims bar deadline in each of the separate estates for the filing of proofs of claim. Any action on substantive consolidation was deferred until the new trustee appointed in the Joseph Birch estate had an opportunity to investigate the claims involved in the proceedings and the issues raised on the question of substantive consolidation. The new trustee was directed to file a written report of such investigation to the court within 90 days of the order.

No written report was filed by the new trustee, Diane Puckhaber, until January 9, 1986, and said report merely parrots the statements regarding possible conflicts between the estates that were set forth in Mr. Bezanson's original application. No new grounds for either denying or ordering substantive consolidation were set forth in the report of the new trustee for the Joseph T. Birch estate.

Notwithstanding the lack of any new grounds asserted in the Puckhaber report, the debtors through their counsel filed a "Response To Report Of Trustee" on January 24, 1986 objecting to any substantive consolidation on the following basic ground:

The thrust of the Report of Trustee and the original Application by Mr. Bezanson is, simply put, an attempt to permit the business creditors of Joseph T. Birch to have a "bite at the apple" of any recovery that may be made in the fraudulent conveyance petition involving Sue Ellen Birch solely. This action is still pending before state court and has been vigorously defended by Sue Ellen Birch and the co-defendant Henry Hildreth.

The lawsuit referred to was an action brought by the prior trustee against Sue Ellen Birch and her father, seeking to avoid a transfer within one year prior to bankruptcy, in which Sue Ellen quit-claimed back to her father her interest in 60 acre plot of woodlands which was held by her father and herself as joint tenants with rights of survivorship.

The court held evidentiary hearings on the consolidation question on April 2, 1986, May 13, 1986 and June 4, 1986. At the conclusion of the last hearing the parties were given 30 days to file simultaneous memorandums of law on the consolidation question. However, thereafter Mr. Bezanson filed a motion to extend the time for filing the legal memorandums until the court could hear and determine an application for approval of a compromise between himself and Sue Ellen Birch and her father relating to the state court litigation.

The compromise matter was heard on September 8, 1986 and this court approved

the same, resulting in a payment by the defendants of $50,000 into the estate of Sue Ellen Birch, and providing for the dismissal of the state court lawsuit. The compromise left open for determination the pending issue of substantive consolidation of the two bankruptcy estates. The order approving the compromise was entered on September 9, 1986. On September 15, 1986 the court again entered an order again giving the parties 30 days to file memorandums of law on the legal questions relating to the substantive consolidation issue. On September 16, 1986, discharge orders were entered in both cases, inasmuch as there were no pending objections to discharge and no reason why such orders should not issue.

No memorandums of law were filed by any of the parties following the court's September 15, 1986 order. The court's independent researcher has uncovered no case under either § 302 of the Bankruptcy Code, or dealing generally with substantive consolidation issues in the husband and wife context, which is remotely similar to the factual picture presented by this case. This is somewhat puzzling since the husband and wife situation involved, together with the proprietorship in the name of the husband alone, is certainly not an uncommon situation.

The evidence received by the court establishes that Joseph Birch had operated a lumber company under various business names on a "d/b/a" basis for a number of years prior to bankruptcy. The names he selected, i.e., "J.T. Birch Enterprises" and "Birch Lumber Company" and others, suggest corporate form but the facts establish that no formal incorporation was ever implemented and the business enterprises were in fact sole proprietorships.

The evidence further establishes, as is not uncommon in these situations, that Sue Ellen Birch helped out in the small family business as her home duties would permit. The degree of her involvement related directly to her home duties and the time necessary for the care of her children. She did fill in on numerous occasions as needed in doing miscellaneous office work and in fact was a signer on various business accounts. Aside from helping out with office work, and running various errands as needed, she took no part in the management of the business and in fact has no particular knowledge or skills relating to the lumber business.

With one exception, there is no evidence in the record suggesting that any of the creditors dealing with the lumber business considered the business anything other than Joseph Birch's sole proprietorship, or were looking to Sue Ellen Birch or her separate property for the repayment of credit they extended to the lumber business. The one exception is a $63,968.82 claim filed by James B. Dow against the estate of Sue Ellen Birch. This claim relates to advances that Dow put into the lumber business to pay off various pending bills at a time when he and Joseph Birch were negotiating some type of participation by Dow in the business.

I use the phrase "some type of participation" advisedly since the testimony of Dow on this point clearly indicates that there was no meeting of the minds between Dow and Joseph Birch, or Sue Birch, as to exactly what his status was to be before he advanced the monies. He later tried to get both of them to sign a loan agreement or promissory notes but was never able to succeed in getting their signatures. Dow himself admitted on the stand that at the time he advanced the monies for the lumber operation he expected to share in the expanded profits to be obtained from a new company to be formed, of which he would be a partner and/or part owner, as well as to be paid the monies he advanced.

There is conflicting testimony as to whether at one of the meetings between Dow and Joseph Birch, at which Sue Ellen was present, the 60 acre parcel of woodland was referred to as part of the assets which would support the expanded lumber business. It is unnecessary for present purposes to resolve that conflict since the trustee in the Sue Ellen estate has pending an objection to the Dow claim which will be heard and determined in due course. It is sufficient to note for present purposes that

there is a substantial question as to whether Dow is a "creditor" at all in this proceeding, rather than a joint venturer or equity investor.

Section 302 of the Bankruptcy Code does not provide any standards for determining when cases should be consolidated. One court has even held that it is limited to *procedural* consolidation rather than *substantive* consolidation. See *In re D'avignon*, 34 B.R. 790 (Bankr.D.Vt.1981). There is generally very little case law under this section. See 2 *Collier on Bankruptcy*, § 302.05 (15th Ed. 1987). The Collier treatise does note the following pertinent legislative history references:

> "Factors that will be relevant in the court's determination include the extent of jointly held property and the amount of jointly-owned debts."

> \*    \*    \*    \*    \*    \*

> "The section, of course, is not license to consolidate in order to avoid other provisions of the title to the detriment of either the debtors or their creditors. It is designed mainly for ease of administration."

It has also been held that husband and wife consolidations are justified only when the inter-relationship of the debtors' debts and assets are so "hopelessly obscured" that they cannot be unscrambled. *In re Coles*, 14 B.R. 5, 4 C.B.C.2d 1443 (Bankr.E. D.Pa.1981). It is also been held that § 302 "contemplates the only purpose as ease and efficiency of administration, and not as a device to prejudice either the debtors or the creditors." *State of Ohio v. Wilkinson*, 24 B.R. 474 (Bankr.S.D.Ohio 1982); see also *In re Scholz*, 57 B.R. 259 (Bankr.N.D.Ohio 1986). Consolidation of a husband and wife case was deemed appropriate where "their affairs are so intermingled that their

respective assets and liabilities cannot be separated." *In re Barnes*, 14 B.R. 788 (Bankr.N.D.Tex.1981). The *Scholz* case referred to above involved a factual situation in which consolidation of a husband and wife case was denied where the effect would be to allow the Internal Revenue Service to receive payments from both estates, to the detriment of the creditors in the wife's case.

Aside from § 302 itself, there is general case law dealing with orders of substantive consolidation in bankruptcy proceedings. See 5 *Collier on Bankruptcy*, ¶ 100.06 (15th Ed.1987). However, the case law in that area deals almost exclusively with business situations in which the factors involved simply do not have any meaningful application in the husband and wife context. Even in that context it is recognized that the court has to carefully scrutinize evidence before consolidating estates. *Matter of Lewellyn*, 26 B.R. 246 (Bankr.S. D.Iowa 1982). The reason is that since creditors of the separate estates almost always are in different ratios of assets to liabilities substantive consolidation necessarily will prejudice creditors of the estate in which the ratio of assets to liabilities is more favorable than in the other estate. *Matter of Lewellyn*, supra, at p. 251.

In the present case there is no question that substantive consolidation would be highly beneficial to the creditors of the Joseph Birch estate, and highly prejudicial to the creditors in the Sue Ellen Birch estate. The former has no assets and by far the greater amount of claimed liabilities. The latter has $50,000 in assets and substantially lower claims.[1]

There certainly is no serious problem of intermingling of assets or "hopelessly obscured" financial affairs between the husband and wife debtors in these cases that

---

1. In view of the various objections to claims filed by the trustee of the Sue Ellen estate, it is conceivable that apart from some $12,000 in claims that she admits as her own liabilities a surplus in distribution could result allowing some of the $50,000 presently in the estate to be refunded to Sue Ellen Birch. However, this possibility cannot be a factor supporting substantive consolidation, without in effect begging the question, notwithstanding the urgent arguments to the court that such a result would be highly inequitable. Also left for another day is the question of whether the $46,459 claim by the Internal Revenue Service filed in both the Joseph Birch and Sue Ellen Birch Estates will be allowable against her estate to the extent that it is not paid out of the other estate. The trustee has pending an objection to that claim which has not yet been heard.

prevent efficient administration of their cases as separate bankruptcy estates. It can be argued perhaps, as the court itself suggested during the hearings, that since the evidence indicated that all profits and income from the sole proprietorship went into the Birchs' joint personal accounts, and were used for family purposes, the fact that Sue Ellen Birch in effect profited from the business operation might support a contention that the assets of the husband were intermingled with those of the wife. The short answer to this contention in this case is that all of such family assets are exempt and would not result in any distribution to creditors regardless of consolidation.

From a practical standpoint there is no difficulty whatever in the present cases determining the separate property of Sue Ellen Birch, i.e., the realty parcel owned by her prior to the marriage and maintained separately by her throughout, and there are no other sufficient factors involved in these cases to support substantive consolidation. As indicated above, there is no showing that creditors relied on her involvement in the business, and her separate assets, before extending credit to the lumber business. Moreover, one dealing with a small sole proprietorship business has an easily available remedy and protection, i.e., asking the wife to co-sign or guarantee the debt. No one requested that protection here. It is therefore

ORDERED, ADJUDGED and DECREED as follows:

1. That the pending application regarding substantive consolidation is denied and these bankruptcy proceedings shall continue to be administered as separate cases and bankruptcy estates as originally provided under this court's order of November 20, 1984.

2. The clerk is hereby directed to refuse for filing any further pleadings relating to these bankruptcy cases unless they clearly indicate by both case number and name of debtor the particular bankruptcy estate in which they are to be filed.