In re CIRCLE J DAIRY, INC.

FIRST NATIONAL BANK OF FAYETTEVILLE, ARKANSAS,
Appellant,

v.

CIRCLE J DAIRY, Appellee.

No. Civ. 88–5181.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

July 5, 1989.

James M. Dunn, Warner and Smith, Ft. Smith, Ark., for Agristor Leasing.

William Russell Gibson, Fayetteville, Ark., for debtor in possession.

Thomas W. Carroll, II, Little Rock, Ark., for Dairy Farm Leasing.

Mark Lindsay, Ball & Lindsay, Fayetteville, Ark., for First Nat. Bank.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

The court has before it the appeal taken by the debtor-in-possession and two unsecured creditors, First National Bank of Fayetteville (FNB) and Agristor Leasing. Appellants object to the ruling of the Honorable James G. Mixon, United States Bankruptcy Judge for the Western District of Arkansas, on October 13, 1988, which allowed the claim of Dairy Farm Leasing, Inc. (DFLC), in the amount of $268,203.70 against the estate of the debtor, Circle J Dairy, Inc. (CJD). 92 B.R. 832.

Ira J. Thurman, his wife, Verna Thurman, his daughter and son-in-law, Sherry and Jim Shrum, owned and operated a dairy farm incorporated as Circle J Dairy, Inc. until 1985. All parties have filed individually and as a corporation in bankruptcy. The disputed claim in the instant case was asserted against the estate of the debtor corporation. The estate is composed of approximately $200,000.00, the remaining assets (less expenses, costs and fees) of a $500,000.00 judgment which the debtor corporation obtained against Harvestore Products as damages from the use of a defective feeding system. *Circle J Dairy, Inc. v. A.O. Smith Harvestore Products, Inc., et al.*, 790 F.2d 694 (8th Cir.1986).

The claimant, DFLC, negotiated several contracts with the debtor for the lease of dairy cattle. Between 1978 and 1985, the parties entered into at least five (5) separate lease agreements. Four of these agreements form the basis of DFLC's claim against the estate. The leases cover a total of 147 cattle, 90 of which were repossessed by DFLC on January 31, 1985. The claim, analyzed below, includes a charge for $57,000.00 representing compensation for the 57 cattle not repossessed, valued at $1,000.00 per head. The claim also includes an amount for past-due rents as of the date of repossession and an amount for future rents then due over the terms of the unexpired leases. DFLC claims a total of $268,203.70 which represents the sum of these three items: Past Due $59,621.45; Accelerated Lease Amt. $151,582.25; Cattle Not Reported $57,000.00.

| Lease No. | Date | Gross | Term | Default Total | # Cattle Reposs. | # Cattle $1,000. |
|---|---|---|---|---|---|---|
| 2–1021 | 10/14/81 | $95,550.00 | 60 mos. | $52,302.50 | 20 | 15 |
| | | | | Past Due | Accelerated Amt. | |
| | | | | $20,452.50 | $31,850.00 | |
| 2–1198 | 03/26/83 | $89,355.00 | 60 mos. | $76,001.00 | 30 | 07 |
| | | | | $20,989.75 | $55,102.50 | |
| 2–538 | 11/02/83 | $7,300.20 | 15 mos. | $7,300.20 | 6 | 29 |
| | | | | $7,300.20 | | |
| 12–1276 | 11/02/83 | $75,600.00 | 60 mos. | $75,600.00 | 34 | 6 |
| | | | | $11,340.00 | $64,630.00 | |
| TOTALS: | | | | $211,203.70 | 90 | 57 |
| | | | | $59,621.45 | $151,582.25 | |

At the August 29, 1988, bankruptcy hearing on the motion to dismiss DFLC's claim, the debtor-in-possession and the unsecured creditors adopted each other's arguments, and attacked the claim as facially defective, introducing only the claim as evidence. The bankruptcy court refused to consider the claim as evidence, faulted the objectors for failing to put on testimony and allowed the full amount of the claim.

*Standard of Review*

The arguments on appeal address, as did the bankruptcy court, the problems posed by allocation of the burden of proof, a question of law. All parties accept the following analysis, variously stated, but disagree about its application in the present case.

> Under Bankruptcy Rule 301(b) [present 3001(b)], a party correctly filing a proof of claim is deemed to have established a prima facie case against the debtor's assets.... The objecting party must then produce evidence rebutting the claimant's claim or else the claimant will prevail. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to 'prove the validity of the claim by a preponderance of the evidence.' The ultimate burden of proof always rests on the claimant.

*In the Matter of Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir.1988).

Counsel cite numerous cases which turn on the allocation of the burden of proof and which were decided by determining who successfully carried the burden. Counsel cite no cases, however, dealing specifically with the question which, in fact, determined the bankruptcy court's opinion, *i.e.* whether the claim itself may be used as evidence.

■ The court must apply the *de novo* standard of review when issues of law are presented for determination. The appellants argue that the court should determine that the objectors met their burden of proof by sufficiently rebutting the presumptive prima facie validity of DFLC's claim. Agristor Leasing argues further that the presumption of prima facie validity does not apply to the claim because it is facially defective and insufficient as a matter of law. Either version of the issue presents a legal question. The court will consider the evidentiary question of whether a claim may be considered as evidence to rebut the prima facie validity and also whether the objectors met their burden of rebutting the prima facie validity of DFLC's claim. The court will not consider whether the claim made by DFLC should be allowed. If the court agrees with appellants' contention, the bankruptcy court on remand must determine allowability.

The court believes that the proof of claim may be considered evidence. Justice Holmes in 1905 entertained the question. "It is not a question of burden of proof in a technical sense—a burden does not change whatever the state of the evidence—but simply whether the sworn proof is evidence at all." The court held that the formal proof of claim is "some evidence even when it is denied." *Whitney v. Dresser,* 200 U.S. 532, 536, 26 S.Ct. 316, 317, 50 L.Ed. 584 (1905).

■ A mere formal objection, *without more,* will not defeat a proof of claim which constitutes some "evidence." In the instant case, the debtor-in-possession and the unsecured creditors objected and, at the hearing, *they did more.* They produced the claim itself as evidence. They argued that the claim was insufficiently supported by the attached documents, a defect which rendered it facially defective. Appellants relied upon the probative force of the facial deficiencies to defeat the claim. The evidence presented by one objecting to a claim "must be of a probative force equal to that of the creditor's proof of claim." *In re Bruce S. Hinkley, Debtor,* 58 B.R. 339, 348 (Bankr.S.D.Texas, 1986).

■ A claim, to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:

1) be in writing

2) make a demand on the debtor's estate

3) express the intent to hold the debtor liable for the debt

4) be properly filed; and

5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.

*In re Scholz,* 57 B.R. 259 (Bankr.N.D.Ohio 1986). Under the fifth requirement, the allegations of the proof of claim must "set forth all the necessary facts to establish a claim" and must not be "self-contradictory." 3 Collier on Bankruptcy, Par. 502.02, p. 502–22. The prima facie validity of the claim does not attach unless the claim is in compliance "with the rules, including 3001, and set[s] forth the facts necessary to support the claim." 8 Collier on Bankruptcy, Par. 3001.05, pp. 3001–22 (15th Ed.1988). These requirements for legal sufficiency are consistent with the idea that "the proof of claim itself is to be scrutinized with an eye to credibility." *Matter of Summa T. Corp. Intern.,* 73 B.R. 388 (Bankr.E.D.Ark.1987).

■ The legal sufficiency of a proof of claim must be determined judicially. The role of the bankruptcy court vis-a-vis disputed claims is well established. The court has "full power to inquire into any claim asserted against the estate and to disallow it if the claim is without lawful existence." *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). When an objection to the claim is made, "the determination of whether the objection is well founded is a judicial function to be exercised by the court." 3 Collier on Bankruptcy, Par. 502.01, p. 502.9 (15th Ed.1988). This court finds that the proof of claim may be used as evidence to support a creditor's claim and also to defeat it. The court below erred in its refusal to scrutinize the claim on the basis that it is not evidence. The legal sufficiency of the claim was called into question. The court *must* determine the legal sufficiency of a claim alleged to be facially defective and, under 11

U.S.C. § 502, must either disallow the claim or determine the amount to be allowed under the claim.

■ The objectors through legal arguments based on the contents of the claim and its supporting documents call into question:

1) the legal sufficiency of the supporting documents as signed,

2) the computation of the amount of the claim, specifically noting the failure to give credit for funds realized by releasing the cattle,

3) the basis for the value of the non-repossessed cattle,

4) the effect of the failure of DFLC to perfect its security interest,

5) the effect of the failure to give notice to the debtor of an intention to release the cattle,

6) the claim for future rents with no reduction to present value,[1] and

7) whether the claim is a lease or a conditional sales contract.

The answers to these questions are interdependent and must be addressed initially and fully by the bankruptcy court.

The court, therefore, finds that the claim itself lacks adequate factual support to be given prima facie validity. It does not stand on its own but is, in fact, unsubstantiated. The court notes further that the claim can be used as evidence to dispute its own validity. Even under the interpretation adopted by the bankruptcy court which assumed the prima facie validity of the claim, however, the evidence presented by the appellants at the hearing was of sufficient probative value to rebut the validity of the claim. The claimant must, therefore, prove or amend his claim. This interpretation is consistent with the universally accepted proposition that the claimant has the ultimate burden of persuasion. *3 Collier on Bankruptcy* Par. 502.01(3) (15th Ed.1988). The reason for this interpreta-

---

**1.** Agristor's argument that DFLC seeks unmatured interest not allowable under 11 U.S.C. Sec. 502(b)(1) appears to reach this issue.

tion is basic. "To treat a claim lacking necessary support as prima facie valid can lead to abuses of the claim system." *In re All–American Auxiliary Ass'n*, 95 B.R. 540, 545 (Bankr.S.D.Ohio 1989) quoting *12 Norton Bankruptcy Law Adviser*, pp. 12–13 (Callaghan & Co. 1988).

This court, therefore, remands the case to the bankruptcy court for a full determination of the allowability of the claim, not inconsistent with this opinion.

A separate order in accordance herewith will issue simultaneously.