**In re Charles Norval SHARPE, Jr., Debtor.**

**Bankruptcy No. 76B–633–W–2.**

United States Bankruptcy Court, W.D. Missouri.

Oct. 21, 1993.

Gene A. DeLeve, Kansas City, MO, Trustee.

Carolyn D. Jones, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

*ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT*

FRANK W. KOGER, Chief Judge.

This matter comes before the Court on the Internal Revenue Service's (IRS) "Motion to Alter or Amend Judgment" filed October 8, 1993. The IRS requests that the Court withdraw its judgment in favor of the bankruptcy trustee, Gene DeLeve (the "Trustee") in which the IRS' administrative expense claim was disallowed. The IRS asks the Court to

permit it to conduct discovery and submit evidence at an evidentiary hearing. The IRS further requests that the Court strike section C(4) of its opinion wherein the Court determined that the IRS administrative expense claim was barred by the doctrine of laches because the doctrine of laches does not apply to the United States.

## FACTS

The Court in its previous opinion made detailed findings of fact which are adopted and incorporated by reference into this opinion, 160 B.R. 614. A brief summary of the facts will assist in this matter.

This case began in 1976 when the debtor, Charles Norval Sharpe, filed a petition under the former Bankruptcy Act of 1898 (the "Act"), as amended through 1973, 30 Stat. 544–66 (superseded by the Bankruptcy Reform Act of 1978 (the "Code"), as amended, 11 U.S.C. § 101 et seq. (1993)). The debtor received a discharge in 1981. The IRS filed an administrative expense claim in 1984 for taxes owed by the estate, not the debtor. Despite the Clerk of the Court's instruction to contact the Trustee or file a motion for the payment of the claim, the IRS took no action to receive payment. The Trustee filed the estate's tax returns with the IRS and requested a prompt assessment of tax liability. Receiving no response from the IRS, the Trustee proceeded to close the case and distribute assets to the unsecured creditors. The proposed order of distribution did not include the IRS' 1984 claim. No one objected to the proposed order, and the Court closed the case in 1990. Over $112,000 was paid to the unsecured creditors yielding a 20% dividend on their claims.

In late 1991, the Court reopened the case to recover an additional $17,500 for the estate. When the Trustee proposed to distribute these newly realized funds in April, 1993, the IRS filed an updated administrative expense claim for nearly $41,000. The Trustee filed a response denying all liability for the taxes. The Court scheduled and held a hearing on the matter on June 14, 1993. At the hearing, the Court heard statements of counsel, evidence from the parties, evidence from an IRS witness, and legal arguments. Both parties filed briefs. The Court issued a Memorandum Opinion on September 28, 1993 disallowing the IRS claim.

## DISCUSSION

### 1. Request for Discovery

■ The IRS argues that in the its Memorandum Opinion, the Court concluded that the response filed by the Trustee was an objection to the allowance of the administrative expense claim. This conclusion, argues the IRS, created a contested matter to which Bankruptcy Rule 914 applies (the IRS actually argues under Bankr.R. 9014, the current rule, which is substantially similar to Rule 914 in effect under the Act). The IRS should now be allowed to conduct discovery and present evidence at an evidentiary hearing. The Court does not find the IRS' argument compelling.

Bankruptcy Rule 914 provides:

In a contested matter in a bankruptcy case not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

The rule seeks to afford the basic requisites of due process. See Bankr.R. 914, Advisory Committee's Note. The Court believes the elementary requirements of due process were provided to the IRS on this issue. The Trustee filed a response to the IRS administrative expense claim in which the Trustee expressly denied liability for the taxes allegedly assessed against the estate and asserted affirmative defenses to the claim. The IRS received the Trustee's response. The Court scheduled a hearing on these issues which the IRS attended. The IRS, in fact, brought a witness who testified at the hearing. The IRS was permitted to brief the issues. Rule 914 requires that a party receive adequate notice of the issues to be considered by the Court, and an opportunity to heard on the issues. In hindsight, the IRS feels it could have presented a better case, but it had its opportunity to present argument and evidence on the issues. The IRS should not get a second bite at the apple. Since the IRS received the necessary due process protec-

tion, the Court must deny its Motion to Alter or Amend Judgment under Rule 914.

## 2. Laches

The IRS' Motion to Amend Judgment also asks the Court to strike that portion of the Court's Memorandum Opinion relying on laches. The IRS argues that the doctrine of laches does not apply to the United States.

 While it is true that as a general rule, the doctrine of laches does not apply to the United States, *see Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938), the Supreme Court has questioned the blanket prohibition against the use of equitable doctrines against the United States. *See Heckler v. Community Health Serv. of Crawford County, Inc.*, 467 U.S. 51, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). The Court has expressed a growing willingness to apply the doctrine of laches and equitable estoppel to the government. *Id.* 467 U.S. at 68, at 2228 (J. Rehnquist concurring) (majority gives "an impression of hospitality" towards claims of estoppel and laches). The Supreme Court has expressly used the doctrine of equitable estoppel in two cases. *See United States v. Pennsylvania Indus. Chem. Corp.*, 411 U.S. 655, 93 S.Ct. 1804, 36 L.Ed.2d 567 (1973); *Moser v. United States*, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729 (1951). The Supreme Court has also found an inherent discretionary power in the district court to bar a suit by the government if after an inordinate delay in prosecuting a case the defendant is unduly handicapped, which is the essence of a laches claim. *Occidental Life Ins. Co. v. E.E.O.C.*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) ("The same discretionary power to 'locate' a just result 'in light of the circumstances peculiar to the case,' can also be exercised when the EEOC is the plaintiff.")

The Eighth Circuit, as elsewhere, follows the general rule that the doctrine of laches does not apply to suits against the United States. *See, e.g., Bostwick Irrigation Dist. v. United States*, 900 F.2d 1285, 1291 (8th Cir. 1990). Despite statements to the contrary, the Eighth Circuit has applied laches to suits by the government in E.E.O.C. cases. *See Houghton v. McDonnell Douglas Corp.*, 716

F.2d 526 (1983) (the doctrine of laches applies but not satisfied on evidence); *E.E.O.C. v. Westinghouse Elec. Corp.*, 592 F.2d 484 (1979) (an inordinate delay in causing undue prejudice may bar suit by the government); *E.E.O.C. v. Liberty Loan Corp.*, 584 F.2d 853 (1978) (the district court has "discretionary equitable powers" to dismiss suit where the government is guilty of inordinate delay causing undue prejudice to defendant). *See also E.E.O.C. v. Griffin Wheel Co.*, 511 F.2d 456, 459 n. 5 (5th Cir.1975) (laches would also apply to bar suit by the government).

An early Eighth Circuit opinion, *United States v. Middle States Oil Corp.*, 18 F.2d 231 (8th Cir.1927), illustrated the a fundamental flaw in the argument that laches may never be asserted against the sovereign. In *Middle States Oil*, the court considered facts similar to those at hand in which a railroad company was in receivership under the Bankruptcy Act. The court set a proof of claims bar date which the court repeatedly enlarged as to the time to file claims. The court sent special notice to the tax authorities requiring them to file proofs of claim before the claims period expired. The IRS did not file, and the court issued a show cause order. The IRS did not respond to the order. After the receiver filed a proposed order of distribution, the IRS finally filed claims and objected to distribution. The receiver argued that the IRS was barred by laches and the statute of limitations; the IRS responded with the familiar argument that neither the statute of limitations nor laches applied to the IRS. The court allowed the claims but denied them tax priority. The Eighth Circuit affirmed stating:

[t]he government insists that it has the right to file its claim for taxes apparently at any time it chooses, regardless of any orders or rules or procedures of the District Court. We do not so understand our general scheme of government. The situation is not one involving any statute of limitations or any question of laches, but it involves the question of whether the administrative branch of the government may ignore and refuse to accede to rules of the judicial branch made for the purpose of carrying on orderly judicial procedure and

administering justice. We see no reason why the court could not make the show cause order.

*Id.* at 238. While the Eighth Circuit grounded its decision in principles of federal distribution of power rather than laches, it held that the IRS was not entitled to claim priority because of its unreasonable delay in prosecuting its claims in utter disregard to the bankruptcy proceedings, and that delay unduly prejudiced third parties.

■ Similar reasoning applies here. In this case, the IRS has a claim against the estate, not the debtor. While tax claims are generally non-dischargeable, *see* the Act, § 17(a), where the only claim is one against the estate for post-petition estate taxes, the IRS must participate in the bankruptcy proceedings to receive a distribution. The record indicates that the IRS did nothing to collect or enforce its claim prior to the closing of the case. Only now does the IRS seek to enforce its rights, the enforcing of which would work an injustice upon the unsecured creditors. A distribution was made to the unsecured creditors. The allowance of this administrative expense claim would give the IRS carte blanche authority to proceed against all the participating unsecured creditors who received a distribution. If this Court were to permit the allowance of the IRS's claim under these circumstances, the Court would tacitly endorse the IRS' disregard for the bankruptcy court's proceedings to the detriment of third parties. Whether the Court uses the term laches or veils its laches discussion in terms of appropriate federal power, the Court believes that the IRS should not prevail. Therefore, the IRS' motion to strike section C(4) from the Court's September 28, 1993 Memorandum Opinion must be denied.

## CONCLUSION

For the reasons stated above, the Court finds that the IRS' Motion to Alter or Amend Judgment is hereby *DENIED*.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.