UNITED STATES of America, Appellant,

v.

**Gordon L. KIESTER, Appellee.**

No. 94–513–CIV–T–25A.
Bankruptcy No. 92–9279–8B7.

United States District Court,
M.D. Florida,
Tampa Division.

March 7, 1995.

Steven Shapiro, David Geier, Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant.

Gordon L. Kiester, Jr., Tampa, FL, for appellee.

**OPINION ON APPEAL**

ADAMS, District Judge.

**A.** *Preliminary & Factual History*

The Appellant, the Internal Revenue Service ("IRS"), filed claims for certain income taxes owed in the Debtor's, Jerry Wayne Snow, Chapter 7 bankruptcy. On January 11, 1994, the Appellee, Trustee, filed an objection to the IRS's proof of claims since they were not sufficiently documented to substantiate the claims. On January 21, 1994, without proper notice or a hearing, the Bankruptcy Court sustained the Trustee's objection and disallowed the IRS's claims. The Bankruptcy Court also denied a reconsideration of its decision and this appeal followed.

Appellant has filed an Initial Brief contending that the Bankruptcy Court abused its discretion when it failed to give the IRS notice and a hearing prior to denying its tax claims. As of the date of the entry of this Order, Appellee has failed to file a responsive

brief and has refused to respond to an Order to Show Cause entered on January 30, 1995.

### B.  *Analysis*

#### 1.  *Standard of Review*

■ The Court recognizes that the Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *In re Calvert,* 907 F.2d 1069, 1071 (11th Cir.1990). However, all legal conclusions of the Bankruptcy Court are subject to de novo review. *Id.* This Court must separately determine the correctness of the legal conclusions of the bankruptcy judge on the basis of the facts found. *Matter of Hammons,* 614 F.2d 399, 403 (5th Cir.1980).

#### 2.  *Instant Analysis*

■ The filing of a proof of claim is prima facie evidence of the validity and the amount of the claim. Bankruptcy Rule 3001(f). Thus, the taxpayer has the burden to overcome the IRS's claim of tax liability. *See In re Stroupe,* 69 B.R. 240, 244 (M.D.Fla.1986). The Trustee in support of its objection to the IRS's claims merely stated that the IRS "failed to attach sufficient documentation to substantiate the claims." The Trustee also requested an ex-parte order disallowing such claims.

On January 21, 1994, the Bankruptcy Court found that the IRS had failed to sufficiently substantiate its claims and granted the IRS ten (10) days within which to file an amended proof of claim with the adequate documentation. The IRS filed a Motion for Reconsideration arguing that they had not received a copy of the Bankruptcy Court's Order disallowing its claim until after the time lapsed for filing an appeal and apparently after the time for filing an amended proof of claim.

■ An objection to a claim is a contested matter subject to the procedural requirements of Rule 9014, which requires reasonable notice and an opportunity for a hearing. *See In re Charles Norval Sharpe, Jr.,* 164 B.R. 753, 754 (W.D.Mo.1993); Bankruptcy Rules 3007 and 9014. Indeed, Rule 3007 requires that a copy of the objection to the claim with notice of the hearing to be provided to the claimant at least thirty (30) days prior to the hearing.

■ It is clear that the IRS did not receive reasonable notice of the objection or any opportunity for a hearing prior to the Bankruptcy Court's disallowance of its claims. Accordingly, the Bankruptcy Court abused its discretion in disallowing the IRS's claims without proper notice or a hearing and in denying the IRS's Motion for Reconsideration.

### C.  *Conclusion*

Based upon the foregoing, it is **ORDERED** that:

1.  The Bankruptcy Court's findings on appeal in **Case No. 94–513–CIV–25–A** and **Bankruptcy Case No. 92–9279–8B7** are **REVERSED.**

2.  This matter is hereby **REMANDED** to the Bankruptcy Court for a hearing pursuant to Bankruptcy Rules 3007 and 9014 on the merits of the Trustee's Objection to the IRS's tax claims.

**DONE AND ORDERED.**