In re George S. PAN, Debtor.

UNITED STATES of America, Appellant,

v.

Joseph BRAUNSTEIN, Trustee, Appellee.

Civil Action No. 96–11201–PBS.

United States District Court,
D. Massachusetts.

March 5, 1997.

---

Susan M. Poswistillo, U.S. Attorney's Office, Boston, MA, Henry J. Riordan, U.S. Department of Justice, Tax Division, Washington, DC, for appellant.

Alan L. Braunstein, Riemer & Braunstein, Boston, MA, for appellee.

## MEMORANDUM AND ORDER

SARIS, District Judge.

### I. Introduction

In this appeal pursuant to 28 U.S.C. § 158(a), the United States of America challenges a bankruptcy court's decision to disallow a proof of claim filed by the Internal Revenue Service ("IRS"). During the Chapter 7 proceeding, the bankruptcy court rejected the government's argument that the proof of claim for a federal tax penalty in the amount of $123,371.49 was itself prima facie evidence of the claim's validity. Sustaining the objection raised by Joseph Braunstein, appointed Trustee for the estate of debtor George S. Pan, the bankruptcy court held that the proof of claim did not document adequately the alleged tax obligation and that, as a result, the government failed to meet its burden of establishing the trust fund's liability.

For the following reasons, the bankruptcy court's order denying the proof of claim is **VACATED** and the case is **REMANDED** to the bankruptcy court for further proceedings.

### II. Facts

On September 8, 1992, the debtor, George S. Pan ("Pan"), filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code. On December 16,

1992, the bankruptcy court converted the case to a case under Chapter 7 of the Code, and Joseph Braunstein ("Braunstein") was appointed as trustee for the debtor.

On June 2, 1995, the United States filed a proof of claim, classified as an "unsecured priority claim," for pre-petition federal taxes in the amount of $166,916.43.[1] The proof of claim was filed on an official bankruptcy Form 10 and included an attachment entitled "Proof of Claim for Internal Revenue Taxes." The attachment stated that the total claim amount was based upon civil penalties for three separate tax periods—the period ending Dec. 31, 1988; the period ending December 31, 1991; and the period ending June 30, 1992. The attachment also indicated that the tax assessment for the period ending December 31, 1988, which is the sole penalty still at issue in this case,[2] amounted to $123,371.49, with interest.

On December 15, 1995, Braunstein filed an objection to the proofs of claim of ten creditors, including the IRS. The gravamen of Braunstein's opposition to the IRS proof of claim was that the claim was "not supported by any documentation establishing the source of such taxes." *Objection of Chapter 7 Trustee to Proofs of Claim,* at 6 [hereinafter *Objection* ]. On January 16, 1996, the United States filed an opposition to the Trustee's objection which stated, in relevant part:

> 5. The liabilities listed on the Service's proof of claim dated June 2, 1995, consists of debtor's liability as a responsible officer under I.R.C. § 6672, as follows:
>
>> (a) The trust fund recovery penalty for the period ended December 31, 1988, was assessed on July 27, 1992, against the debtor as a responsible officer of Boston Monthly, Inc. (a corporation located in Randolph, Massachusetts), in the amount of $131,908.53. The periods involved are the first, third, and fourth

quarters of 1987, and the first, second, third and fourth quarters of 1988.

*United States of America's Response to Objection of Chapter 7 Trustee to Proofs of Claim,* at 2 [hereinafter *Response* ].[3]

On January 24, 1996, the bankruptcy court held a hearing on the Trustee's objections. During the hearing, the Trustee requested that the IRS supply documentation to support its claim. The government responded: "That's fine with us, Your Honor, and we have requested the files in these cases. The debtor is found to be a responsible officer of three corporations, two of which are located in Portland, Oregon. It's going to take the Service about two or three weeks to obtain all those files." (Transcript at 11, ll. 24–25, at 12, ll. 1–4.) The bankruptcy court then continued the hearing.[4]

On April 11, 1996, during the next hearing on this matter, the parties informed the court that a dispute still existed concerning the IRS proof of claim, and the Court inquired as to whether either side desired a continuance. In response, the government stated that it "would not be asking for a continuance per se, but we disagree with Mr. Braunstein's position on disallowing our proof of claim ... So, I don't know if you maybe want to— maybe put on evidentiary hearing at some later time." The Court responded, "Well, there's no reason we can't do it today."

After a short recess, during which the Court heard other matters, the hearing resumed. The Trustee withdrew his objection as to the tax assessments for the periods ending December 31, 1991 and June 30, 1992—the two claims for which the IRS had provided documentation. As to the period ending December 31, 1988, the Trustee maintained his objection. The IRS offered Form 4340, entitled "Certificate of Assessments

---

1. The June 2, 1995 proof of claim amended and superseded three previous proofs of claim filed by the United States, dated September 12, 1994, April 5, 1993, and October 11, 1989.

2. The Trustee and the IRS entered into an agreement concerning the penalties for the tax periods ending December 1991 and June 1992, and a stipulation was entered to that effect on April 11, 1996.

3. The opposition also explained the penalties for the two tax periods not at issue in this appeal.

4. The hearing was continued until March 26. On March 14, the bankruptcy court rescheduled the March 26 hearing to April 11.

and Payments," which indicates that a "[t]rust fund recovery penalty" was assessed on July 27, 1992. After argument, the Bankruptcy Court made the following ruling:

I'm going to sustain the Trustee's objection with respect to the—that portion of the claim which is listed as having—as relating to the tax period December 31, 1988. Although it is true that the proof of claim has prima facie validity, it is also the case that each claimant must provide sufficient documentation from which a Chapter 7 Trustee can determine the validity of the claim; and in this case, the Government hasn't provided that.

The document which is Claimant's Exhibit 1 [Form 4340] is the only evidence, and it doesn't provide sufficient information for the Court—and as a threshold matter, of course, for the Trustee—to determine what is the basis for the trust fund liability. It merely states that certain payments were made, penalties were incurred, but no statement of what corporation they address, what corporation they are attributable to, what Mr. Pan's involvement with that corporation is or was, or any of the supporting facts on which the claim is based.

The Court further stated that:

The problem is, you know, if you were dealing with Chapter 11 debtor's counsel objecting that would be one thing. Mr. Braunstein is an independent fiduciary. If he—all he can do is look at the books and records and look at the claims to try to determine whether they're valid or not ... the problem is he can't assess the validity of that 12/31/88 claim without assistance, and you haven't even provided him that threshold of help.... There is no basis on which I could even—there's no way I could rule in favor of the IRS on this factual record if I wanted to.

## III. Discussion

### A. Standard of Review

A federal district court must accept a bankruptcy court's findings of fact unless those findings are clearly erroneous. *See* Fed R. Bank. P. 8013; *In Re DN Associates,* 3 F.3d 512, 515 (1st Cir.1993). However, conclusions of law, such as the legal sufficiency of a proof of claim, are reviewed *de novo. See In re Circle J Dairy, Inc.,* 112 B.R. 297, 299 (W.D.Ark.1989) (stating that whether the presumption of prima facie validity applies to a proof of claim "presents a legal question" that is to be reviewed *de novo* ).

### B. The Legal Landscape

The United States Code requires a creditor who is seeking to assert a claim against a bankrupt debtor's estate to file a "proof of claim." 11 U.S.C. § 501(a). Section 502(a) provides that a proof of claim is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a). The statute also sets forth the grounds upon which a bankruptcy court may disallow a proof of claim "after notice and hearing." *Id.*

At such a hearing, according to the Federal Bankruptcy Rules, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bank. Proc. 3001(f); *accord In re Hemingway,* 993 F.2d 915, 925 (1st Cir.1993), *cert. denied,* 510 U.S. 914, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993); *United States v. Kiester,* 182 B.R. 52, 53 (M.D.Fla.1995); *cf. United States v. Kontaratos,* 36 B.R. 928, 931 (D.Me.1984)(finding proof of claim filed by IRS not entitled to presumptive validity because no formal assessment had been completed). "[T]o be legally sufficient and, therefore, to be prima facie valid under the Bankruptcy Rules," a proof of claim must: "be in writing"; "make a demand on the debtor's estate"; "express an intent to hold the debtor liable for the debt"; "be properly filed"; and "be based upon facts which would allow, as a matter of equity, the document to be accepted as a proof of claim." *Circle J Dairy,* 112 B.R. at 299–300 (citing *In re Scholz,* 57 B.R. 259 (Bankr.N.D.Ohio 1986)). "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." *In re Allegheny Intern., Inc.,* 954 F.2d 167, 173 (3rd Cir.1992).

Of course, the prima facie validity of a proof of claim can be overcome by an objec-

tion that is "supported by *substantial evidence.*" *Hemingway*, 993 F.2d at 925 (emphasis in original); *accord Matter of Placid Oil Co.*, 988 F.2d 554, 557 (5th Cir.1993), *reh'g den.*, 4 F.3d 992 (5th Cir.1993); *Allegheny*, 954 F.2d at 173–74 ("[T]he objector must produce evidence equal in force to the prima facie case."). In the ordinary Chapter 7 bankruptcy proceeding, "[o]nce the Trustee manages the initial burden of producing substantial evidence ... the ultimate risk of nonpersuasion as to the allowability of the claim resides with the party asserting the claim." *Hemingway*, 993 F.2d at 925; *see also In re Bourque*, 153 B.R. 87, 91 (Bankr. D.Mass.1993) (holding that the IRS bears the ultimate burden of persuasion as to the validity of a proof of claim).

### C. *Analysis*

■ The United States argues that the bankruptcy court erred in ruling that, as a matter of law, the IRS proof of claim in this case was not entitled to the presumption of validity. Braunstein contends that the bankruptcy court's ruling was correct because the proof of claim failed to comply with the Bankruptcy Rules in that it (1) did not include supporting documentation, and (2) did not contain sufficient factual support. After a *de novo* examination of the evidence presented at the bankruptcy hearing, this Court concludes that the proof of claim at issue here was properly executed and, thus, constitutes prima facie evidence of the government's claim.

Rule 3001(c) of the Federal Rules of Bankruptcy Procedure requires a claimant to provide documents in support of a proof of claim "[w]hen a claim, or an interest in property of the debtor securing the claim, *is based on a writing.*" Fed. R. Bank. Proc. 3001(c) (emphasis added); *see also* Section 7 of Official Bankruptcy Form 10 (requiring a claimant to attach copies of promissory notes, invoices, purchase orders, itemized statements of accounts, contracts, court judgments or other

supporting documents). Courts have consistently rejected the argument that this documentation requirement extends to claims based upon statutory, rather than written, obligations. *See In re Los Angeles Int'l Airport Hotel Assocs.*, 196 B.R. 134, 139 (9th Cir. BAP 1996) (finding that when tax obligation was based on state statute "[t]here was no need for the [California State] Board [of Equalization] to attach additional documentation of the Debtor's liability for use tax"), *aff'd*, 106 F.3d 1479. *In re Jenny Lynn Mining, Co.*, 780 F.2d 585, 587 (6th Cir.1986) (analyzing the nearly identical, former bankruptcy rule and holding that attaching documentation was not required when claim was based upon a statutory obligation), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986); *In re Vines*, 200 B.R. 940, 949 (M.D.Fla.1996) ("The IRS was not required to attach any documentation to its Proof of Claim because the claim and lien are based not on a writing, but on federal statutes."); *In re White*, 168 B.R. 825, 834 (Bankr.D.Conn.1994) (finding that the IRS was not required to attach a copy of tax lien or other document to a proof of claim because "its claim and lien are based not on a writing but on a federal statute"). Because the proof of claim in this case is based on a statutory tax penalty, *see* 26 U.S.C. § 6672,[5] the government had no obligation under the rules to provide additional documentation in support of its proof of claim.

■ Moreover, the government's filings in this case provide a sufficient factual basis in support of the claim that the trust fund is legally liable. In its response to the trustee's objection, the government clearly states that the tax penalty was assessed against Mr. Pan as "a responsible officer of Boston Monthly, Inc." for the "first, third, and fourth quarters of 1987" and the "first, second, third and fourth quarters of 1988." *Response*, at 2. In addition, as evidence at the hearing, the government provided a copy of the Certificate of

---

5. 26 U.S.C. § 6672 provides:

    Any person required to collect, truthfully account for, and pay over any tax imposed by [the Internal Revenue Code] who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in

any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Assessments and Payments filed by the IRS against Mr. Pan (Form 4340), a document that sets forth the amount that is owed and states that the assessment is a "trust fund penalty." It is well-established that Form 4340 is "presumptive proof of a valid assessment." *Geiselman v. United States,* 961 F.2d 1, 6 (1st Cir.1992)(quoting *United States v. Chila,* 871 F.2d 1015, 1018 (11th Cir.1989)), *cert. denied,* 506 U.S. 891, 113 S.Ct. 261, 121 L.Ed.2d 191 (1992).

Braunstein argues that "other than the [government's] unsubstantiated statements ... that the claim was based upon a trust fund recovery penalty assessed against the Debtor as a responsible person for Boston Monthly, Inc., pursuant to 26 U.S.C. § 6672, for wilfully failing to pay withholding taxes over to the IRS for seven quarters in 1987 and 1988, the IRS has provided no factual basis to support its claim." *Brief for Appellee,* at 13. This Court concludes that, as a matter of law, the factual bases provided by the government are sufficient to support a proof of claim for a federal tax assessment under the Bankruptcy Rules. Because the proof of claim should have been deemed presumptively valid, the burden is now on Braunstein to produce "substantial evidence" to rebut the government's prima facie case. *Hemingway,* 993 F.2d at 925; *accord Bourque,* 153 B.R. at 91. Under *Hemingway*'s burden-shifting analysis, this threshold determination does not resolve the controversy but merely serves to place the laboring oar in the hand of the trustee.

A trustee has an independent fiduciary duty to all of the estate creditors to evaluate the validity of each claim, even when made by the IRS. In this case, Braunstein emphasizes the alleged failure of the IRS to provide him with any documentation in support of its claim against Pan despite its promise to do so. He also points out that, because Pan was incarcerated for a period, *see United States v. Systems Architects, Inc.,* 757 F.2d 373 (1st Cir.1985), *cert. denied,* 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 115 (1985), Pan may not have been served and may not be the responsible party. As the IRS readily concedes, the trustee has the right to conduct discovery into the factual basis for his concerns. *See* Fed. R. Bank. Proc. 7030 and 7036. The case is remanded to the Bankruptcy Court for discovery and judicial proceedings consistent with this opinion.

### ORDER

The bankruptcy court's disallowance of the government's proof of claim is **VACATED** and the case is hereby **REMANDED** to the Bankruptcy Court.