FDIC v. Pearson, et al.                    CV-99-391-M    03/17/00
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Federal Deposit Insurance Corporation,
        Appellant


        v.                                   Civil No. 99-391-M
                                             Opinion No. 2000 DNH 066
John E. Pearson, Debtor; and
Victor W. Dahar, Trustee,


                           **O R D E R**


        The Federal Deposit Insurance Corporation ("FDIC"), as

receiver and liquidating agent for several failed New Hampshire

banks, appeals from the bankruptcy court's entry of summary

judgment in favor of the trustee with respect to the FDIC's

claims against the estate numbered 29, 30, 31, 32, 33, 34 and 35.

For the reasons given below, the order granting summary judgment

is reversed and the case remanded for further proceedings.



                          Discussion

        The FDIC filed timely proofs of claims against the bankrupt

debtor under 11 U.S.C. § 502(a).  Each claim (numbered 29 through

35) was in writing, made demand on the debtor's estate, and expressed an intent to hold the debtor liable for the specified debt. With one exception, attached to each claim was a copy of an executed note[1] evidencing money previously lent by a failed bank to borrowers with whom the debtor had been associated (debtor himself signed some of those notes in an official capacity); a personal guarantee of repayment signed by the debtor; and a claim that the debt was not repaid. "[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward." In re Pan v. Braunsteen, Trustee, 209 B.R. 152, 155 (D.Mass., 1997) (quoting In re Allegheny Intern., Inc., 954 F.2d 167, 173 (3rd Cir. 1992)). The claims made by the FDIC met the applicable standard and satisfied the FDIC's initial obligation.

Under section 502(a), a proof of claim is deemed allowed unless a party in interest objects. Id. In this case, the debtor objected to each claim. (The trustee was later

_____

[1] Only an incomplete copy of the note underlying claim 30 was attached; no signatures are shown.

2

substituted as the real party in interest, and for ease of reference, the terms debtor and trustee are used interchangeably.)

In general, debtor's objections went to the amounts due rather than the fact of liability (though he did object to liability as to some claims). Debtor objected to claim 29 on grounds that conditions precedent to enforcement of his guarantee were not met (foreclosure on collateral); that the FDIC improperly released the collateral (prejudicing his rights); and that the FDIC failed to credit to the alleged debt a substantial sum realized upon sale of some of the collateral. As to claim 30, debtor asserted that the debt had been "written off" (but not necessarily forgiven) and that co-guarantors might have made payments on the debt that were not credited. With regard to claim 31 debtor asserted that the FDIC could have recovered (and credited) more if the sale of collateral had been conducted in a reasonable fashion. As to claim 32, debtor again asserted that several post-petition sales of collateral generated some funds that were not credited to the alleged debt. With regard to claim

3

33, debtor, "on information and belief," asserted that co-guarantors had satisfied the debt in full (and, in any event, it had been "written off"). As to claim 34, debtor asserted that proceeds from a foreclosure sale were not credited to the debt, and he was fraudently induced by a third-party to obtain the loans at issue. Finally, as to claim 35, the debtor complained that the FDIC released a mortgage on the collateral and did not credit funds obtained from two post-petition sales of collateral.

The bankruptcy court determined that the debtor's objections constituted "substantial evidence" sufficient to overcome, as to all the FDIC's claims, the prima facie validity usually accorded a proof of claim. While conclusions of law, such as the legal sufficiency of a proof of claim, are reviewed de novo, In re Pan, 209 B.R. at 155 (citing In re Circle J Dairy, Inc., 112 B.R. 297, 299 (W.D.Ark., 1989)), for purposes of resolving this appeal, and for argument's sake, the court will assume without deciding that the debtor's objections did constitute "substantial evidence" sufficient to overcome the prima facie validity of each of the seven claims. (Of course, one might be hard pressed to so find

4

with respect to, at the least, claims 30, 33, and 34, since debtor's generalized objections do not provide specific evidence challenging either liability or amount in any substantive way. But, upon remand the bankruptcy court would, of course, be free to reconsider the question on a claim by claim basis.)

If a debtor offers substantial evidence to support his objection to a claim, the claimant, here the FDIC, is required to come forward with evidence to prove the validity of the claim by a preponderance of the evidence. See In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir. 1993); In re Harrison, 987 F.2d 677 (10th Cir. 1993). So, in the face of a supported objection, the claimant must shoulder the burden of proving both liability and amount by a preponderance of the evidence. One of the bankruptcy court's tasks in that circumstance is to determine from the evidence whether the claim has been proved and, if so, the amount that should be allowed.

The FDIC was not afforded an opportunity to prove the validity of its claims, however, because the debtor filed a successful motion for summary judgment. In granting summary

5

judgment before trial, the bankruptcy court explained that while "at most" it could "conclude that the F.D.I.C. may be owed some amount less than the face amount of the notes," because the FDIC failed to adequately rebut the debtor's affidavit and evidence in support of summary judgment, failed to offer evidence of its own, and conceded that the underlying account records of the failed banks had been lost or misplaced, there was no genuine issue for trial.

The FDIC made a proffer at the hearing on summary judgment to the effect that its employees or agents who prepared the proofs of claim would testify that they reviewed the underlying bank records before they were lost and prepared extracts or summaries from those records, in connection with their official responsibilities on behalf of the receiver. Those summaries, in turn, were apparently used to prepare the proofs of claims. The FDIC also agreed that some amounts realized upon liquidation of collateral should be credited to some of the claims, and that claim 29, in particular, had to be amended. So, while the FDIC conceded that the amount stated in some of its proofs of claim

might need to be amended, it never conceded that debtor had satisfied those obligations, or that they had been forgiven, or that they could not be proven.

Nevertheless, the bankruptcy court decided that it "would not wait for trial for the F.D.I.C.'s proffered testimony of its claim preparer's recollection of the content of underlying records purportedly used to create the summaries." Order at 7, document 451. That decision seems to have been based on the bankruptcy court's view that the FDIC had not effectively responded to debtor's motion for summary judgment, and, in any event, could not prove its claims at trial because the notes and guarantees attached to its proofs would be inadmissible, due to the FDIC's inability to lay a proper evidentiary foundation. And, it seems that the bankruptcy court was also of the view that no other evidence tending to establish the claims existed or could be admitted at trial. That conclusion was in error or, at the very least, premature.

To be sure, the FDIC's objection to debtor's motion for summary judgment was not of good quality. The FDIC did not, for

7

example, respond with affidavits or exhibits tending to establish genuine disputes as to material facts, but settled for counsels' mere proffers of what they hoped to show someday, somehow. If failure to object at all, or failure to adequately object, provided grounds for granting a moving party's summary judgment motion, then summary judgment might be supportable here. But it is not. Instead, the movant (here, the debtor) must first demonstrate both the absence of genuinely disputed material facts and entitlement to judgment as a matter of law.

Motions for summary judgment in bankruptcy proceedings are governed by Federal Rule of Civil Procedure 56(c). Fed. R. Bank. Proc. 7056. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party of course bears the burden of establishing that he is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

8

The difficulty in this case is that the debtor did not establish either the absence of a genuine dispute as to material facts or that he was entitled to judgment as a matter of law. He raised a number of objections, some specific but most general, and, assuming for argument's sake that those objections could legally serve to overcome the prima facie validity of each of the FDIC's discrete claims, the effect of the debtor's objection was simply to put the burden on the FDIC to prove its claims by a preponderance of evidence.

Debtor moved for summary judgment on the following grounds: 1) his supported objections stripped the FDIC's proofs of claims of their prima facie evidentiary quality; 2) the burden of proving those claims by a preponderance then fell on the FDIC; and, 3) the FDIC "has no personal knowledge or documentation of how the claim amounts were calculated or what legal set offs and payments were made or are due each claim" so "the FDIC is unable to substantiate the validity and accuracy of the claims as required by the Bankruptcy Code and applicable law and must be

dismissed."[2]  Debtor's Motion for Summary Judgment, document no. 433, at 4.  The motion was supported by debtor's affidavit and various exhibits.

As mentioned earlier, the FDIC's objection was not particularly well supported, and certainly not as well supported as the record (including the FDIC's proffers) suggests it could have been.  To be sure, under Fed. R. Civ. P. 56(e), "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  But, it is also "well-settled" that

---

[2]  The bankruptcy court treated the FDIC's seven claims in a categorical fashion, but they are actually discrete and quite distinct claims.  The debtor's objections to one claim did not necessarily apply to other or all claims.  Claim 29, for example, may well prove legally insufficient as a matter of law if the facts are undisputed and the bankruptcy court adopts debtor's construction of the terms of his specific guarantee (a construction the FDIC opposes).  That objection, however, has no bearing on the validity of the other six proofs of claim.  The bankruptcy court did not construe the pertinent language of the guarantee giving rise to claim 29, so it is not clear that debtor's interpretation is correct or, if correct, the facts would support a finding of no legal liability.  Since there are no claim by claim dispositions to review, the FDIC's claims are also being considered in a somewhat categorical fashion on appeal, though that is not the preferred approach.

"this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond" or responds inadequately:

> . . . it is clear that "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Stepanischen v. Merchants Despatch Transportation Corp., 722 F.2d 922, 929 (1st Cir. 1983) (quoting Thornton v. Evans, 692 F.2d 1064, 1075 (7th Cir. 1982)). Accordingly, the [. . .] court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the [. . .] court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.

Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989).

Review of the bankruptcy court's grant of summary judgment is de novo. In re Varrasso, 37 F.3d 760 (1st Cir. 1994); In re BWL, Inc., 123 B.R. 675 (D.Me. 1991). Applying that standard and redetermining the issues, I necessarily conclude that the debtor did not meet his burden of establishing the absence of any material factual issue, or that he was entitled to judgment as a matter of law.

11

The record discloses the following.  Substantial sums of money were loaned by three different banks to entities in which debtor had an interest.  Promissory notes were signed by those entities, sometimes by debtor himself in an official capacity. Debtor signed a personal guarantee relative to each sum loaned. Debtor did not present evidence establishing that, as a matter of law, each debt he guaranteed to pay had in fact been paid, or that his guarantees had been released, or were legally unenforceable.  He merely showed that defenses might exist as to liability on some claims, and as to amounts due on others. Neither did he establish by evidence and as a matter of law, precisely what amount was due on a particular claim, or that no amount was due.

For example, with regard to claim 29, debtor raised legal defenses that might be dispositive, but are not necessarily so, and the bankruptcy court did not rule on those defenses.  As to claim 33, he asserted that the debt had been fully paid by co-guarantors, but his assertion was merely "upon information and belief" and relied on ambiguous hearsay (a letter from co-

guarantor's counsel that may not relate to the entire debt) and an unclear business record (an inconsistent BONHAM log entry). With regard to the other FDIC claims, debtor essentially did little more than raise issues as to the correct amounts due under his guarantee, but did not establish his entitlement to a judgment holding him either free from liability or liable for only a specific lesser amount.

The debtor may well have defenses, even complete defenses, to some or all of the FDIC's claims, but he did not establish a clear right to judgment as a matter of law, and he did not establish the absence of genuine and material factual disputes. Rather, debtor's motion and affidavit actually posit a number of material factual disputes, such as: whether and to what extent collateral was sold pertinent to each claim; whether proper credit was given; and whether the debts underlying each claim were paid or forgiven.

Basically, the bankruptcy court jumped the gun a bit in concluding that the FDIC could not prove its claims at trial and in granting summary judgment. The FDIC may not be able to, but

13

it is entitled to try. After all, it might be able to prove the loans (copies of documents, and witnesses, including debtor (see, e.g., Fed. R. Evid. 1004)); the debtor's personal guarantees (copies of documents, debtor's testimony); the credits due (copies of documents, public records, and witnesses including the debtor); and the amount of outstanding deficiencies (witnesses who reviewed lost documents and prepared summaries and extracts and other business records (see, e.g., Fed. R. Evid. 1004)). But, whether the FDIC can or cannot prove its claims by a preponderance is not controlling on appeal – the debtor's failure to demonstrate his entitlement to judgment as a matter of law on each claim is; he cannot prevail on summary judgment unless he demonstrates that the undisputed facts warrant the legal conclusion that he owes nothing on each claim (or, perhaps, owes an amount certain less than that claimed by the FDIC).

Finally, whether this excessively lengthy dispute is worth the FDIC's while, given the comparatively small recovery that might be had from the small amount to be distributed among large competing claims (assuming the FDIC will prevail on some of its

14

claims) is not a factor relevant to resolving the issues on appeal.  The debtor and trustee simply did not establish entitlement to judgment as a matter of law as to each of the FDIC's claims, and for that reason the judgment must be set aside.

<u>Conclusion</u>

The order granting summary judgment is reversed and vacated. The matter is remanded to the bankruptcy court for further proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 17, 2000

cc:   Daniel A. Laufer, Esq.
      Jennifer Rood, Esq.
      George Vannah, USBC
      Victor Dahar, Esq., Trustee